CP:BSK 4/10 10:30 p.m. draft #2
F. #2006R01870/NYNYE500Z

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - - X

UNITED STATES OF AMERICA

   - against -

HECTOR VIDAL YEPES-CASAS,
    also known as "Mauricio,"
DIEGO VELASQUEZ YEPES,
    also known as "Alex Calcano,"
ALBEIRO DE JESUS CEBALLOS-PEREZ,
AMADO ANTONIO ARENAS-PERAZZA,
    also known as "El Burro,"
ELKIN ESCOBAR CASTANO,
    also known as "El Maestro,"
    "Viejo," "Juan Carlos"
    and "Juanco,"
ALEJANDRO CUARTAS RESTREPO,
    also known as "Alejo,"
PEDRO LUIS DUQUE-DUQUE,
    also known as "Compadrito"
    and "Tocayo,"
OLMER MAURICIO MIRA-ATEHORTUA,
    also known as "Mauricio,"
    "Cunado" and "Tocayito,"
PEDRO RAMON RODRIGUEZ-ROJAS,
    also known as "Pilo,"
JOSE ANGEL DE JESUS GOMEZ-MEDINA,
    also known as "Chucho"
    and "Jose,"
VICTOR MEDINA,
    also known as "Gordito,"
MARGARITA SANTIAGO,
    also known as "La Gorda,"
FRANK NAGI and
JOSE CANDELARIO,
    also known as "Tocayito,"

          Defendants.

- - - - - - - - - - - - - - - - X

*S U P E R S E D I N G*
*I N D I C T M E N T*

Cr. No._07 CR 099 (S-3)(BC)_
(T. 21, U.S.C., §§
 841(a)(1),
 841(b)(1)(A)(i), 846,
 853, 952(a), 959(c),
 960(a)(1), 960(a)(3),
 960(b)(1)(A) and 963;
 T. 18, U.S.C., §§
 1956(h), 982, 2 and 3551
 et seq.)

**FILED**
IN CLERK'S OFFICE
U.S. DISTRICT COURT E.D.N.Y

★ APR 1 6 2007 ★

BROOKLYN OFFICE

1

THE GRAND JURY CHARGES:

INTRODUCTION

At all times relevant to this Superseding Indictment:

1.   The defendant HECTOR VIDAL YEPES-CASAS, also known as "Mauricio," was the United States-based head of a heroin trafficking organization (the "HTO") which imported heroin from Colombia and distributed that heroin in the United States.   The heroin was transported from Colombia through, among other places, Panama and Guatemala before entering the United States.   The HTO primarily used drug couriers to carry the heroin from Colombia to the United States.   These couriers concealed the heroin in, among other things, beach bags, clothing and trailer hitches.

2.   The defendant DIEGO VELASQUEZ YEPES, also known as "Alex Calcano," was defendant HECTOR VIDAL YEPES-CASAS's nephew and a member of the HTO.

3.   The defendant ALBEIRO DE JESUS CEBALLOS-PEREZ, a resident of Colombia, was a source of heroin for the HTO and arranged for the transportation of heroin from Colombia to the United States on its behalf.

4.   The defendant AMADO ANTONIO ARENAS-PERAZZA, also known as "El Burro," was a source of heroin for the HTO and arranged for the transportation of heroin from Colombia to the United States on its behalf.

2

5.   The defendant ELKIN ESCOBAR CASTANO, also known as "El Maestro," "Viejo," "Juan Carlos" and "Juanco," was a source of heroin for the HTO and arranged for the transportation of heroin from Colombia to the United States on its behalf.

6.   The defendant ALEJANDRO CUARTAS RESTREPO, also known as "Alejo," was a source of heroin for the HTO and arranged for the transportation of heroin from Colombia to the United States on its behalf.

7.   The defendant PEDRO LUIS DUQUE-DUQUE, also known as "Compadrito" and "Tocayo," was a source of heroin for the HTO and arranged for the transportation of heroin from Colombia to the United States on its behalf.

8.   The defendant OLMER MAURICIO MIRA-ATEHORTUA, also known as "Mauricio," "Cunado" and "Tocayito," was a source of heroin for the HTO and arranged for the transportation of heroin from Colombia to the United States on its behalf.

9.   The defendant PEDRO RAMON RODRIGUEZ-ROJAS, also known as "Pilo," was a customer of the HTO.

10.   The defendant JOSE ANGEL DE JESUS GOMEZ-MEDINA, also known as "Chucho" and "Jose," was a source of heroin for the HTO and arranged for the transportation of heroin from Colombia to the United States on its behalf.

11.   The defendant VICTOR MEDINA, also known as "Gordito," arranged for the transportation of heroin for the HTO

3

on its behalf.

12. The defendant MARGARITA SANTIAGO, also known as "La Gorda," was a money launderer who received the HTO's drug proceeds and laundered them on its behalf.

13. The defendant FRANK NAGI was a customer of the HTO.

14. The defendant JOSE CANDELARIO, also known as "Tocayito," was a domestic courier for the HTO.

COUNT ONE
(Conspiracy to Distribute and Possess with
Intent to Distribute Heroin)

15. The allegations contained in paragraphs 1 through 14 are realleged and incorporated as if fully set forth in this paragraph.

16. On or about and between June 1, 2006 and February 1, 2007, both dates being approximate and inclusive, within the Eastern District of New York and elsewhere, the defendants HECTOR VIDAL YEPES-CASAS, also known as "Mauricio," DIEGO VELASQUEZ YEPES, also known as "Alex Calcano," ALBEIRO DE JESUS CEBALLOS-PEREZ, AMADO ANTONIO ARENAS-PERAZZA, also known as "El Burro," ELKIN ESCOBAR CASTANO, also known as "El Maestro," "Viejo," "Juan Carlos" and "Juanco," ALEJANDRO CUARTAS RESTREPO, also known as "Alejo," PEDRO LUIS DUQUE-DUQUE, also known as "Compadrito" and "Tocayo," OLMER MAURICIO MIRA-ATEHORTUA, also known as "Mauricio," "Cunado" and "Tocayito," PEDRO RAMON RODRIGUEZ-ROJAS,

4

also known as "Pilo," JOSE ANGEL DE JESUS GOMEZ-MEDINA, also
known as "Chucho" and "Jose," VICTOR MEDINA, also known as
"Gordito," FRANK NAGI and JOSE CANDELARIO, also known as
"Tocayito," together with others, did knowingly and intentionally
conspire to distribute and possess with intent to distribute a
controlled substance, which offense involved one kilogram or more
of a substance containing heroin, a Schedule I controlled
substance, in violation of Title 21, United States Code, Section
841(a)(1).

(Title 21, United States Code, Sections 846 and
841(b)(1)(A)(i); Title 18, United States Code, Sections 3551 et
seq.)

## COUNT TWO
(Conspiracy to Import Heroin)

17.   The allegations contained in paragraphs 1 through
14 are realleged and incorporated as if fully set forth in this
paragraph.

18.   On or about and between June 1, 2006 and February
1, 2007, both dates being approximate and inclusive, within the
Eastern District of New York and elsewhere, the defendants HECTOR
VIDAL YEPES-CASAS, also known as "Mauricio," DIEGO VELASQUEZ
YEPES, also known as "Alex Calcano," ALBEIRO DE JESUS CEBALLOS-
PEREZ, AMADO ANTONIO ARENAS-PERAZZA, also known as "El Burro,"
ELKIN ESCOBAR CASTANO, also known as "El Maestro," "Viejo," "Juan
Carlos" and "Juanco," ALEJANDRO CUARTAS RESTREPO, also known as

"Alejo," PEDRO LUIS DUQUE-DUQUE, also known as "Compadrito" and

"Tocayo," OLMER MAURICIO MIRA-ATEHORTUA, also known as

"Mauricio," "Cunado" and "Tocayito," JOSE ANGEL DE JESUS

GOMEZ-MEDINA, also known as "Chucho" and "Jose," and JOSE

CANDELARIO, also known as "Tocayito," together with others, did

knowingly and intentionally conspire to import a controlled

substance into the United States from a place outside thereof,

which offense involved one kilogram or more of a substance

containing heroin, a Schedule I controlled substance, in

violation of Title 21, United States Code, Section 952(a).

(Title 21, United States Code, Sections 963, 960(a)(1)

and 960(b)(1)(A); Title 18, United States Code, Sections 3551 et

seq.)

## COUNT THREE
(International Distribution Conspiracy)

19.  The allegations contained in paragraphs 1 through

14 are realleged and incorporated as if fully set forth in this

paragraph.

20.  On or about and between June 1, 2006 and February

1, 2007, both dates being approximate and inclusive, within the

Eastern District of New York and elsewhere, the defendants HECTOR

VIDAL YEPES-CASAS, also known as "Mauricio," DIEGO VELASQUEZ

YEPES, also known as "Alex Calcano," ALBEIRO DE JESUS CEBALLOS-

PEREZ, AMADO ANTONIO ARENAS-PERAZZA, also known as "El Burro,"

ELKIN ESCOBAR CASTANO, also known as "El Maestro," "Viejo," "Juan

6

Carlos" and "Juanco," ALEJANDRO CUARTAS RESTREPO, also known as
"Alejo," PEDRO LUIS DUQUE-DUQUE, also known as "Compadrito" and
"Tocayo," OLMER MAURICIO MIRA-ATEHORTUA, also known as
"Mauricio," "Cunado" and "Tocayito," and JOSE ANGEL DE JESUS
GOMEZ-MEDINA, also known as "Chucho" and "Jose," together with
others, did knowingly and intentionally conspire to distribute a
controlled substance, intending and knowing that such substance
would be unlawfully imported into the United States, which
offense involved one kilogram or more of a substance containing
heroin, a Schedule I controlled substance, in violation of Title
21, United States Code, Section 959(a).

(Title 21, United States Code, Sections 963, 959(c),
960(a)(3) and 960(b)(1)(A); Title 18, United States Code,
Sections 3551 et seq.)

## COUNT FOUR
(Importation of Heroin)

21.   The allegations contained in paragraphs 1 through
14 are realleged and incorporated as if fully set forth in this
paragraph.

22.   On or about and between September 10, 2006 and
September 15, 2006, both dates being approximate and inclusive,
within the Eastern District of New York and elsewhere, the
defendants HECTOR VIDAL YEPES-CASAS, also known as "Mauricio,"
ALBEIRO DE JESUS CEBALLOS-PEREZ, AMADO ANTONIO ARENAS-PERAZZA,
also known as "El Burro," and ALEJANDRO CUARTAS RESTREPO, also

7

known as "Alejo," together with others, did knowingly and
intentionally import a controlled substance into the United
States from a place outside thereof, which offense involved one
kilogram or more of a substance containing heroin, a Schedule I
controlled substance.

(Title 21, United States Code, Sections 952(a),
960(a)(1) and 960(b)(1)(A); Title 18, United States Code,
Sections 2 and 3551 et seq.)

COUNT FIVE
(Distribution of and Possession
with Intent to Distribute Heroin)

23.   The allegations contained in paragraphs 1 through
14 are realleged and incorporated as if fully set forth in this
paragraph.

24.   On or about and between September 10, 2006 and
September 15, 2006, both dates being approximate and inclusive,
within the Eastern District of New York and elsewhere, the
defendants HECTOR VIDAL YEPES-CASAS, also known as "Mauricio,"
ALBEIRO DE JESUS CEBALLOS-PEREZ, AMADO ANTONIO ARENAS-PERAZZA,
also known as "El Burro," ALEJANDRO CUARTAS RESTREPO, also known
as "Alejo," and PEDRO RAMON RODRIGUEZ-ROJAS, also known as
"Pilo," together with others, did knowingly and intentionally

8

distribute and possess with intent to distribute a controlled substance, which offense involved one kilogram or more of a substance containing heroin, a Schedule I controlled substance.

(Title 21, United States Code, Sections 841(a)(1) and 841(b)(1)(A)(i); Title 18, United States Code, Sections 2 and 3551 et seq.)

COUNT SIX
(Importation of Heroin)

25.  The allegations contained in paragraphs 1 through 14 are realleged and incorporated as if fully set forth in this paragraph.

26.  On or about and between October 1, 2006 and October 5, 2006, both dates being approximate and inclusive, within the Eastern District of New York and elsewhere, the defendants HECTOR VIDAL YEPES-CASAS, also known as "Mauricio," ALBEIRO DE JESUS CEBALLOS-PEREZ, AMADO ANTONIO ARENAS-PERAZZA, also known as "El Burro," ELKIN ESCOBAR CASTANO, also known as "El Maestro," "Viejo," "Juan Carlos" and "Juanco," and ALEJANDRO CUARTAS RESTREPO, also known as "Alejo," together with others, did knowingly and intentionally import a controlled substance

9

into the United States from a place outside thereof, which

offense involved one kilogram or more of a substance containing

heroin, a Schedule I controlled substance.

      (Title 21, United States Code, Sections 952(a),

960(a)(1) and 960(b)(1)(A); Title 18, United States Code,

Sections 2 and 3551 et seq.)

COUNT SEVEN
(Distribution of and Possession
with Intent to Distribute Heroin)

      27.  The allegations contained in paragraphs 1 through

14 are realleged and incorporated as if fully set forth in this

paragraph.

      28.  On or about and between October 1, 2006 and

October 5, 2006, both dates being approximate and inclusive,

within the Eastern District of New York and elsewhere, the

defendants HECTOR VIDAL YEPES-CASAS, also known as "Mauricio,"

ALBEIRO DE JESUS CEBALLOS-PEREZ, AMADO ANTONIO ARENAS-PERAZZA,

also known as "El Burro," ELKIN ESCOBAR CASTANO, also known as

"El Maestro," "Viejo," "Juan Carlos" and "Juanco," ALEJANDRO

CUARTAS RESTREPO, also known as "Alejo," and PEDRO RAMON

RODRIGUEZ-ROJAS, also known as "Pilo," together with others, did

knowingly and intentionally distribute and possess with intent to

10

distribute a controlled substance, which offense involved one
kilogram or more of a substance containing heroin, a Schedule I
controlled substance.

(Title 21, United States Code, Sections 841(a)(1) and
841(b)(1)(A)(i); Title 18, United States Code, Sections 2 and
3551 et seq.)

## COUNT EIGHT
(Importation of Heroin)

29.   The allegations contained in paragraphs 1 through
14 are realleged and incorporated as if fully set forth in this
paragraph.

30.   On or about and between October 12, 2006 and
October 14, 2006, both dates being approximate and inclusive,
within the Eastern District of New York and elsewhere, the
defendants HECTOR VIDAL YEPES-CASAS, also known as "Mauricio,"
ALBEIRO DE JESUS CEBALLOS-PEREZ and ALEJANDRO CUARTAS RESTREPO,
also known as "Alejo," together with others, did knowingly and
intentionally import a controlled substance into the United
States from a place outside thereof, which offense involved one
kilogram or more of a substance containing heroin, a Schedule I
controlled substance.

(Title 21, United States Code, Sections 952(a),
960(a)(1) and 960(b)(1)(A); Title 18, United States Code,
Sections 2 and 3551 et seq.)

11

COUNT NINE
(Distribution of and Possession
with Intent to Distribute Heroin)

31.  The allegations contained in paragraphs 1 through 14 are realleged and incorporated as if fully set forth in this paragraph.

32.  On or about and between October 12, 2006 and October 14, 2006, both dates being approximate and inclusive, within the Eastern District of New York and elsewhere, the defendants HECTOR VIDAL YEPES-CASAS, also known as "Mauricio," ALBEIRO DE JESUS CEBALLOS-PEREZ, ALEJANDRO CUARTAS RESTREPO, also known as "Alejo," and PEDRO RAMON RODRIGUEZ-ROJAS, also known as "Pilo," together with others, did knowingly and intentionally distribute and possess with intent to distribute a controlled substance, which offense involved one kilogram or more of a substance containing heroin, a Schedule I controlled substance.

(Title 21, United States Code, Sections 841(a)(1) and 841(b)(1)(A)(i); Title 18, United States Code, Sections 2 and 3551 et seq.)

COUNT TEN
(Importation of Heroin)

33.  The allegations contained in paragraphs 1 through 14 are realleged and incorporated as if fully set forth in this paragraph.

34.  On or about and between November 4, 2006 and November 5, 2006, both dates being approximate and inclusive, within the Eastern District of New York and elsewhere, the

12

defendants HECTOR VIDAL YEPES-CASAS, also known as "Mauricio,"
ALBEIRO DE JESUS CEBALLOS-PEREZ and ALEJANDRO CUARTAS RESTREPO,
also known as "Alejo," together with others, did knowingly and
intentionally import a controlled substance into the United
States from a place outside thereof, which offense involved one
kilogram or more of a substance containing heroin, a Schedule I
controlled substance.

(Title 21, United States Code, Sections 952(a),
960(a)(1) and 960(b)(1)(A); Title 18, United States Code,
Sections 2 and 3551 et seq.)

                          COUNT ELEVEN
                (Distribution of and Possession
                with Intent to Distribute Heroin)

35.   The allegations contained in paragraphs 1 through
14 are realleged and incorporated as if fully set forth in this
paragraph.

36.   On or about and between November 4, 2006 and
November 5, 2006, both dates being approximate and inclusive,
within the Eastern District of New York and elsewhere, the
defendants HECTOR VIDAL YEPES-CASAS, also known as "Mauricio,"
ALBEIRO DE JESUS CEBALLOS-PEREZ and ALEJANDRO CUARTAS RESTREPO,
also known as "Alejo," together with others, did knowingly and
intentionally distribute and possess with intent to distribute a

13

controlled substance, which offense involved one kilogram or more
of a substance containing heroin, a Schedule I controlled
substance.

      (Title 21, United States Code, Sections 841(a)(1) and
841(b)(1)(A)(i); Title 18, United States Code, Sections 2 and
3551 et seq.)

COUNT TWELVE
(Importation of Heroin)

      37.  The allegations contained in paragraphs 1 through
14 are realleged and incorporated as if fully set forth in this
paragraph.

      38.  On or about and between November 16, 2006 and
November 23, 2006, both dates being approximate and inclusive,
within the Eastern District of New York and elsewhere, the
defendants HECTOR VIDAL YEPES-CASAS, also known as "Mauricio,"
PEDRO LUIS DUQUE-DUQUE, also known as "Compadrito" and "Tocayo,"
OLMER MAURICIO MIRA-ATEHORTUA, also known as "Mauricio," "Cunado"
and "Tocayito," and JOSE ANGEL DE JESUS GOMEZ-MEDINA, also known
as "Chucho" and "Jose," together with others, did knowingly and
intentionally import a controlled substance into the United

14

States from a place outside thereof, which offense involved one kilogram or more of a substance containing heroin, a Schedule I controlled substance.

(Title 21, United States Code, Sections 952(a), 960(a)(1) and 960(b)(1)(A); Title 18, United States Code, Sections 2 and 3551 et seq.)

COUNT THIRTEEN
(Attempted Possession
with Intent to Distribute Heroin)

39. The allegations contained in paragraphs 1 through 14 are realleged and incorporated as if fully set forth in this paragraph.

40. On or about and between November 20, 2006 and January 5, 2007, both dates being approximate and inclusive, within the Eastern District of New York and elsewhere, the defendants HECTOR VIDAL YEPES-CASAS, also known as "Mauricio," PEDRO LUIS DUQUE-DUQUE, also known as "Compadrito" and "Tocayo," PEDRO RAMON RODRIGUEZ-ROJAS, also known as "Pilo," JOSE ANGEL DE JESUS GOMEZ-MEDINA, also known as "Chucho" and "Jose," and VICTOR MEDINA, also known as "Gordito," together with others, did knowingly and intentionally attempt to distribute and possess with intent to distribute a controlled substance, which offense

15

involved one kilogram or more of a substance containing heroin, a
Schedule I controlled substance, in violation of Title 21, United
States Code, Section 841(a)(1).

(Title 21, United States Code, Sections 846 and
841(b)(1)(A)(i); Title 18, United States Code, Sections 3551 et
seq.)

### COUNT FOURTEEN
(Importation of Heroin)

41.    The allegations contained in paragraphs 1 through
14 are realleged and incorporated as if fully set forth in this
paragraph.

42.    On or about and between December 20, 2006 and
December 30, 2006, both dates being approximate and inclusive,
within the Eastern District of New York and elsewhere, the
defendants HECTOR VIDAL YEPES-CASAS, also known as "Mauricio,"
ALBEIRO DE JESUS CEBALLOS PEREZ, ELKIN ESCOBAR CASTANO, also
known as "El Maestro," "Viejo," "Juan Carlos" and "Juanco," and
ALEJANDRO CUARTAS RESTREPO, also known as "Alejo," together with
others, did knowingly and intentionally import a controlled
substance into the United States from a place outside thereof,
which offense involved one kilogram or more of a substance
containing heroin, a Schedule I controlled substance.

(Title 21, United States Code, Sections 952(a),
960(a)(1) and 960(b)(1)(A); Title 18, United States Code,
Sections 2 and 3551 et seq.)

16

COUNT FIFTEEN
(Distribution of and Possession
with Intent to Distribute Heroin)

43.   The allegations contained in paragraphs 1 through 14 are realleged and incorporated as if fully set forth in this paragraph.

44.   On or about and between December 20, 2006 and December 30, 2006, both dates being approximate and inclusive, within the Eastern District of New York and elsewhere, the defendants HECTOR VIDAL YEPES-CASAS, also known as "Mauricio," ALBEIRO DE JESUS CEBALLOS PEREZ, ELKIN ESCOBAR CASTANO, also known as "El Maestro," "Viejo," "Juan Carlos" and "Juanco," ALEJANDRO CUARTAS RESTREPO, also known as "Alejo," and PEDRO RAMON RODRIGUEZ-ROJAS, also known as "Pilo," together with others, did knowingly and intentionally distribute and possess with intent to distribute a controlled substance, which offense involved one kilogram or more of a substance containing heroin, a Schedule I controlled substance.

(Title 21, United States Code, Sections 841(a)(1) and 841(b)(1)(A)(i); Title 18, United States Code, Sections 2 and 3551 et seq.)

COUNT SIXTEEN
(Importation of Heroin)

45.   The allegations contained in paragraphs 1 through 14 are realleged and incorporated as if fully set forth in this paragraph.

17

46.   On or about and between March 12, 2007 and March 15, 2007, both dates being approximate and inclusive, within the Eastern District of New York and elsewhere, the defendants HECTOR VIDAL YEPES-CASAS, also known as "Mauricio," DIEGO VELASQUEZ YEPES, also known as "Alex Calcano," ALBEIRO DE JESUS CEBALLOS-PEREZ, ELKIN ESCOBAR CASTANO, also known as "El Maestro," "Viejo," "Juan Carlos" and "Juanco," PEDRO LUIS DUQUE-DUQUE, also known as "Compadrito" and "Tocayo," and JOSE CANDELARIO, also known as "Tocayito," together with others, did knowingly and intentionally import a controlled substance into the United States from a place outside thereof, which offense involved one kilogram or more of a substance containing heroin, a Schedule I controlled substance.

(Title 21, United States Code, Sections 952(a), 960(a)(1) and 960(b)(1)(A); Title 18, United States Code, Sections 2 and 3551 et seq.)

## COUNT SEVENTEEN
(Distribution of and Possession
with Intent to Distribute Heroin)

47.   The allegations contained in paragraphs 1 through 14 are realleged and incorporated as if fully set forth in this paragraph.

48.   On or about and between March 12, 2007 and March 15, 2007, both dates being approximate and inclusive, within the Eastern District of New York and elsewhere, the defendants HECTOR VIDAL YEPES-CASAS, also known as "Mauricio," DIEGO VELASQUEZ

18

YEPES, also known as "Alex Calcano," ALBEIRO DE JESUS CEBALLOS-
PEREZ, AMADO ANTONIO ARENAS-PERAZZA, also known as "El Burro,"
ELKIN ESCOBAR CASTANO, also known as "El Maestro," "Viejo," "Juan
Carlos" and "Juanco," PEDRO LUIS DUQUE-DUQUE, also known as
"Compadrito" and "Tocayo," and JOSE CANDELARIO, also known as
"Tocayito," together with others, did knowingly and intentionally
distribute and possess with intent to distribute a controlled
substance, which offense involved one kilogram or more of a
substance containing heroin, a Schedule I controlled substance.

(Title 21, United States Code, Sections 841(a)(1) and
841(b)(1)(A)(i); Title 18, United States Code, Sections 2 and
3551 et seq.)

### COUNT EIGHTEEN
(Money Laundering)

49. The allegations contained in paragraphs 1 through
14 are realleged and incorporated as if fully set forth in this
paragraph.

50. On or about and between June 1, 2006 and February
1, 2007, both dates being approximate and inclusive, within the
Eastern District of New York and elsewhere, the defendants HECTOR
VIDAL YEPES-CASAS, also known as "Mauricio," DIEGO VELASQUEZ
YEPES, also known as "Alex Calcano," ALBEIRO DE JESUS CEBALLOS-
PEREZ, AMADO ANTONIO ARENAS-PERAZZA, also known as "El Burro,"
ELKIN ESCOBAR CASTANO, also known as "El Maestro," "Viejo," "Juan
Carlos" and "Juanco," ALEJANDRO CUARTAS RESTREPO, also known as
"Alejo," PEDRO RAMON RODRIGUEZ-ROJAS, also known as "Pilo," PEDRO

19

RAMON RODRIGUEZ-ROJAS, also known as "Pilo," and MARGARITA
SANTIAGO, also known as "La Gorda," together with others, did
knowingly and intentionally conspire to conduct financial
transactions in and affecting interstate and foreign commerce, to
wit: the transfer and delivery of United States currency, which
in fact involved the proceeds of specified unlawful activity, to
wit: narcotics trafficking, in violation of Title 21, United
States Code, Section 841(a)(1), knowing that the property
involved in the financial transactions represented the proceeds
of some form of unlawful activity and knowing that the
transactions were designed in whole and in part to conceal and
disguise the nature, the location, the source, the ownership and
the control of the proceeds of the specified unlawful activity,
in violation of Title 18, United States Code, Section
1956(a)(1)(B)(i).

          (Title 18, United States Code, Sections 1956(h) and
3551 et seq.)

                    CRIMINAL FORFEITURE ALLEGATION AS TO
                    COUNTS ONE THROUGH SEVENTEEN

          51.   The United States hereby gives notice to the
defendants charged in Counts One through Seventeen that, upon
their conviction of any such offense, the government will seek
forfeiture in accordance with Title 21, United States Code,
Section 853, which requires any person convicted of such offenses
to forfeit any property constituting, or derived from, proceeds

                              20

the defendants obtained, directly or indirectly, as the result of
such offenses and any property used, or intended to be used, in
any manner or part, to commit, or to facilitate the commission of
such offenses, including but not limited to, the following:

Money Judgment

A sum of money equal to $ 1.8 million in United States
currency for which the defendants are jointly and severally
liable.

52.   If any of the above-described forfeitable
property, as a result of any act or omission of the defendants:

(a)   cannot be located upon the exercise of due
diligence;

(b)   has been transferred or sold to, or deposited
with, a third party;

(c)   has been placed beyond the jurisdiction of the
court;

(d)   has been substantially diminished in value; or

(e)   has been commingled with other property which
cannot be divided without difficulty;
it is the intent of the United States, pursuant to Title 21,
United States Code, Section 853(p), to seek forfeiture of any
other property of such defendants up to the value of the
forfeitable property described in this forfeiture allegation.

(Title 21, United States Code, Section 853)

21

CRIMINAL FORFEITURE ALLEGATION AS
TO COUNT EIGHTEEN

53.   The United States hereby gives notice to the defendants charged in Count Eighteen that, upon their conviction of such offense, the government will seek forfeiture in accordance with Title 18, United States Code, Section 982, of all property involved in each offense of conviction in violation of Title 18, United States Code, Section 1956, or conspiracy to commit such offense, and all property traceable to such property as a result of the defendants' conviction of such offense, including but not limited to, the following:

Money Judgment

A sum of money equal to $ 1.8 million in United States currency for which the defendants are jointly and severally liable.

54.   If any of the above-described forfeitable property, as a result of any act or omission of the defendants:

(a)   cannot be located upon the exercise of due diligence;

(b)   has been transferred or sold to, or deposited with, a third party;

(c)   has been placed beyond the jurisdiction of the court;

(d)   has been substantially diminished in value; or

(e)   has been commingled with other property which

22

cannot be divided without difficulty; it is the intent of the
United States, pursuant to Title 18, United States Code, Section
982, to seek forfeiture of any other property of such defendants
up to the value of the forfeitable property described in this
forfeiture allegation.

(Title 18, United States Code, Section 982)


A TRUE BILL

FOREPERSON


ROSLYNN R. MAUSKOPF
UNITED STATES ATTORNEY
EASTERN DISTRICT OF NEW YORK

BY:_____
ACTING UNITED STATES ATTORNEY
PURSUANT TO 28 C.F.R. 0.136

23

NEW YORK FEDERAL COURT

**INFORMATION SHEET**

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

1.  Title of Case: United States v.  Hector Vidal Yepes-Casas .

2.  Related Magistrate Docket Number(s) none

3.  Arrest Date:   N/A

4.  Nature of offense(s):   x       Felony
                                    Misdemeanor

**FILED**
· IN CLERK'S OFFICE
U.S. DISTRICT COURT E.D.N.Y

★   APR 1 6 2007   ★

**BROOKLYN OFFICE**

5.  Related Cases - Title and Docket No(s).  (Pursuant to Rule 50.3 of the
    Local E.D.N.Y. Division of Business Rules): superseding indictment  07  CR  099  (S-
    3) (BC)

6.  Projected Length of Trial:    Less than 6 weeks    ( x )
                                  More than 6 weeks    ( )

7.  County in which the cause of action arose: Queens
    (Pusuant to Rule 50.1(d) of the Local EDNY Division of Business Rules)

8.  Has this indictment/information been ordered sealed?       ( ) Yes  (X ) No

9.  Have arrest warrants been ordered?                         (X) Yes  ( ) No

No capital counts

                                    ROSLYNN R. MAUSKOPF
                                    UNITED STATES ATTORNEY

                                    By:

                                         Bonnie S. Klapper
                                         Assistant U.S. Attorney